**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MELISSA SCHLEY, et al.,**

      **Plaintiffs,**

**v.**                                                                                    **Case No.  8:05-cv-2135-T-30MSS**

**THE COLEMAN COMPANY, INC., et al.,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Wal-Mart Stores, Inc.'s

Motion to Dismiss Count V (Dkt. 6).  As Plaintiff has failed to file a response to the same,

this Court will consider Defendant Wal-Mart's Motion without a response.

### Motion to Dismiss Standard

At the motion to dismiss stage, this Court must review the Complaint in the light most

favorable to plaintiff and construe all allegations in the Complaint as true.  Hishon v. King

& Spaulding, 467 U.S. 69, 73 (1984).  A court may, however, dismiss a complaint on a

dispositive issue of law.  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F. 2d

1171 (11th Cir. 1993).  Conclusory allegations "will not survive a motion to dismiss if not

supported by facts constituting a legitimate claim for relief . . . However, the alleged facts

need not be spelled out with exactitude, nor must recovery appear imminent." Quality Foods

De Centro America S.A. v. Latin America Agribusiness Development Corp., 711 F. 2d 989,

995 (11th Cir. 1983).  A motion to dismiss is appropriate when it appears "beyond a

reasonable doubt" that the plaintiff can prove no set of facts to support his claim. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>South Florida Water Management District v. Montalvo</u>, 84 F. 3d 402, 406 (11th Cir. 1996).

## DISCUSSION

Plaintiff and her husband have filed a five count Complaint alleging Strict Liability (Counts 1 and 2) as to both Defendants, Negligence (Counts 3 and 4) as to both Defendants, and Breach of Express and Implied Warranties (Count V) against Defendant Wal-Mart only, resulting from injuries Plaintiff allegedly sustained when a cooler/ice-chest on which she was sitting shot from under her resulting in her falling (Dkt. 2). Defendant Wal-Mart has filed its Motion arguing that Count V of the Complaint should be dismissed because (1) Plaintiffs have alleged claims for relief based on two types of warranties allegedly made by Defendant Wal-Mart in one count, a violation of Florida Rule of Civil Procedure 1.110(f); and (2) Plaintiffs have failed to appropriately allege a claim for breach of an express warranty (Dkt. 6).

This Court agrees with Defendant Wal-Mart's assessment of Plaintiffs' breach of express warranty claim. Plaintiffs have failed to adequately describe what express warranty they were given at the time they purchased the ice cooler. As such this claim is **stricken**.

Defendant Wal-Mart has also sought dismissal of Count V based on Fla.R.Civ.P. 1.110(f). However, based on this Court's striking of Plaintiffs' breach of express claim and Defendant Wal-Mart's failure to provide any additional reasons for dismissal of the claim, Defendant's Motion to Dismiss is **denied.**

It is therefore ORDERED AND ADJUDGED that:

1.      Count V of Plaintiffs' Complaint as it relates to breach of express warranty is

hereby **stricken**.

2.      Defendant Wal-Mart Stores, Inc.'s Motion to Dismiss Count V (Dkt. 6) is

**DENIED**.

3.      Defendant Wal-Mart Stores, Inc. is hereby given **10 (ten) days** from the date

of this Order in which to file an Answer to Count V of the Complaint.

**DONE** and **ORDERED** in Tampa, Florida on August 17, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-2135 Deny Motion to Dismiss.frm